**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| Daniel D. Hostetler, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>      -v.-<br><br>Wakefield & Associates, LLC,<br><br>           Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Daniel D. Hostetler ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant, Wakefield & Associates, LLC. ("Wakefield" or "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

3. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred or where the Defendant resides.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Tennessee consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Tennessee, Overton County.

9. Defendant Wakefield is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its

registered agent, Legalinc Corporate Services, Inc., 5865 Ridgeway Center Pkwy, Suite 389, Memphis, TN 38120-4032.

10. Upon information and belief, Defendant Wakefield is a company that uses the mail, telephone and internet, and regularly engages in business the principal purpose of which is to collect debts, and regularly collects debts owed to others.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of Tennessee;

   b. to whom Defendant Wakefield sent a collection letter;

   c. attempting to collect a consumer debt;

   d. wherein the "Total amount of the debt now" is included on the dunning letter but the letter fails to inform the consumer that because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater; and

   e. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692e and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to March 26, 2022, Plaintiff allegedly incurred one or more obligations to non-party creditor (the "Debt").

22. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal credit.

23. The alleged Debt obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Sapientes II is a "debt collector" as defined by 15 U.S.C.§ 1692a (6). Upon information and belief, Sapientes II purchased the Debt from the original creditor.

25. Upon information and belief, Sapientes II contracted with the Defendant Wakefield to collect the alleged debt.

26. Defendant Wakefield collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – March 26,2022 Collection Letter*

27. Sometime after March 26, 2022, Defendant sent Plaintiff a collection letter ("Letter") regarding the alleged debt. **See Letter attached as Exhibit A**.

28. The Letter states that the "Total amount of the debt now" is $1,225.65.

29. The Letter also states:

> As of February 20, 2021, you owed: $1,224.00
> Between February 20, 2021 and today you were charged this amount in interest: $1.65

30. The Letter does not provide the least sophisticated consumer with the material information that the balance may change.

31. The Letter labeled the balance as "Total amount of the debt now" which implies to the least sophisticated consumer that the balance is subject to change.

32. Due to the lack of material, truthful information Plaintiff does not know if the amount of his obligation is static or dynamic.

33. Plaintiff has therefore been misled as to whether paying the listed balance will close the account, or whether additional interest charges will be added to the balance, so that more than the current balance would be needed to close the account.

34. In the alternative if the least sophisticated consumer paid the amount listed, he would be subject to further collection activity because of undisclosed interest, late charges or other charges that may vary from day to day.

35. Defendant is required to advise the Plaintiff what he will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest, or other additions, that will cause the balance to increase.

36. If Plaintiff pays the alleged "Total amount of the debt now" as stated in the Letter, he does not know whether the debt has been paid in full.

37. A changing balance is a quintessential example of misleading and deceptive information that could cause the least sophisticated consumer to pay as a means of avoiding its accrual, or refrain from paying as a means of taking advantage of a shrinking balance.

38. The Letter is therefore false, deceptive, misleading, and unfair.

39. Plaintiff was unable to evaluate the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

40. Plaintiff was therefore unable to make payment on the debt.

41. Because of Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

42. During this time, and because of this, Plaintiff suffered emotional harm because of Defendant's improper acts.

43. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, suspecting a fraudulent collection.

44. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as it appeared that someone was coming after him collecting on a perhaps incorrect debt.

45. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as the Letter seemed to be collecting on a nonsensical debt.

46. Plaintiff suffered from fear, anxiety, stress, increased heartrate, and difficulty with sleep, as the Letter did not make sense on its face.

47. Plaintiff is entitled to receive proper notice of the amount of the debt, as required by the FDCPA.

48. Defendant failed to effectively and accurately inform the Plaintiff of the amount due.

49. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

50. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's

ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

52. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, the Defendant's debt collection.

53. As described above, Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

54. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

55. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

56. Plaintiff repeats the above allegations as if set forth here.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendant violated said section as described above by making false, deceptive, and misleading representations and falsely representing the character and amount of the alleged debt, and by failing to note the balance was changing, in violation of §§ 1692e, 1692e (2), and 1692e (10).

60. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

61. Plaintiff repeats the above allegations as if set forth here.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

63. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must state the amount of the debt.

64. Defendants violated this section by failing to provide the amount of the debt, and overshadowing, confusing, misrepresenting, and/or or clouding the amounts stated, in violation of § 1692g (a)(1).

65. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel D. Hostetler, individually and on behalf of all others similarly situated, demands judgment from the Defendant as follows:

a) Certifying that this action may be maintained as a class action including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

b) Awarding an incentive award to Plaintiff for her services on behalf of the Class;

c) Awarding Plaintiff and the Class statutory damages 15 U.S.C. § 1692k(a)(2);

d) Awarding Plaintiff and the Class actual damages;

e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding pre-judgment interest and post-judgment interest; and

g) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 2, 2022                                  Respectfully submitted,

**Stein Saks, PLLC**
/s/ *Yaakov Saks*
By: Yaakov Saks, Esq.
One University Plaza, Ste. 620
Hackensack, New Jersey 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Ysaks@SteinSaksLegal.com
*Attorneys for Plaintiff*